UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HERBERT MORRIS, :
:
        Petitioner, :
: CIVIL NO. 3:11-cv-314
v. :
: (Judge Nealon)
ERIC J. HOLDER, JR., ET AL., :
:
        Respondents. :

FILED
SCRANTON
JUL 3 0 2012
PER _____
DEPUTY CLERK

## MEMORANDUM

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Herbert Morris while he was detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Morris claimed that he was being subjected to prolonged mandatory detention pending completion of his removal proceedings. As relief, he requested that ICE provide him with an individual bond hearing to determine his suitability for release.

Following service of the petition, Respondents filed a response asserting that Petitioner's request for release from detention was premature because he "is presently subject to a final order of removal by an immigration judge and is subject to the post-final order removal provisions of the INA." (Doc. 8, p. 3). The response noted that an Immigration Judge had ordered Morris removed from the United States to Grenada on March 30, 2011.

Morris then initiated a new § 2241 action with this Court which sought relief with respect to his post-final order detention. See Morris v. Decker, et al., Civil No. 3:12-cv-15 (M.D. Pa. filed January 4, 2012) (hereinafter "Morris II"). Therein, Petitioner acknowledged that an administrative order of removal became final in his case on April 30, 2011. More

importantly, Petitioner's latest action indicated that his initially filed petition was subject to dismissal as being premature. See Morris II at (Doc. 1, p. 8).

Based upon those considerations, this Court issued a Memorandum and Order on January 18, 2012, which dismissed Petitioner's initially filed action on the basis of mootness, but noted that his recently filed habeas corpus petition, Morris II, remained pending before the Court. On January 26, 2012, Petitioner filed a motion, (Doc. 10), requesting that this Court reconsider its dismissal of his action.

On February 8, 2012, Respondents filed a "Notice of Removal" stating that "on February 6, 2012, Morris' removal from the United States was executed and he was returned to his native country of Grenada." (Doc. 12, p. 1). Consequently, Respondents seek dismissal of the reconsideration motion on the basis of mootness. Accompanying the Respondents' submission is a declaration under penalty of perjury by ICE Deputy Chief Counsel John Ellington which provides in relevant part that officials at the York County Prison confirmed that Petitioner was removed to Grenada as scheduled on February 6, 2012. See (Doc. 12-1).

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau

2

Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), <u>vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. <u>Lewis</u>, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id.</u> at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see also</u> <u>Gaeta v. Gerlinski</u>, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously discussed, Respondents have filed a Notice of Removal stating that

Petitioner was removed to Grenada on February 6, 2012. Since Morris has been deported, under the principles set forth in <u>Steffel</u>, his reconsideration motion is subject to dismissal as moot since it no longer presents an existing case or controversy.

    A separate order will be entered.

Date: July 30, 2012

*[signature]*
**United States District Judge**